UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN CADET, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 05-2105 |
| ) | |
| DRAPER & GOLDBERG, PLLC, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS DAVID W. DRAPER AND DRAPER AND
GOLDBERG, PLLC, MOTION TO DISMISS PARTIES
AND MEMORANDUM OF POINTS AND AUTHORITIES**

COMES now the Defendants, David W. Draper (DRAPER) and Draper and Goldberg, PLLC (D & G), by and through counsel, and petitions the Court to Dismiss David W. Draper and Draper and Goldberg, PLLC as parties to this action pursuant to Fed. Rules Civ. Proc. 12(b)(6) and 21.  In support of their motion Defendants state the following:

1. Pursuant to Federal Rules of Civil Procedure Rule 21, "[p]arties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

2. On October 18, 2005, L. Darren Goldberg (GOLDBERG) was served with the complaint for the above captioned matter.  Also named in the Complaint were DRAPER and D & G.

3. D & G is a law firm located in Leesburg, VA.  DRAPER and GOLDBERG are officers of the corporation and attorneys with the firm.

4. In Counts I through IV, VI, and VII of the Complaint the Plaintiffs allege that D & G, as substitute trustee, violated an alleged duty or caused some harm to the plaintiff.

5. Specifically, in Count I, Plaintiffs allege that "[t]he Defendants … failed to disclose all the material facts evidencing that the Substitute Trustee could not convey insurable title to the property." Plaintiffs' Complaint, ¶ 60.

6. In Count II, Plaintiffs allege that "Defendants' (sic) falsely stated in their Ad in the Washington Times and in the "Memorandum of Sale" that the "purchaser's sole remedy is return of deposit" if the Substitute Trustee, Defendant D & G could not convey insurable title". Plaintiffs' Complaint, ¶ 65.

7. In Count III, Plaintiffs allege "that the Defendants … breached their contractual obligation to return Plaintiffs' earnest money deposit if Defendant Draper & Goldberg, as Substitute Trustees, could not convey insurable title to the property". Plaintiffs' Complaint, ¶ 66.

8. In Count IV, Plaintiffs allege "that the Defendants … have wrongfully converted their earnest money deposit in the amount of $30,000.00 in that they have failed and refused to return said deposit and have put it towards their own use intentionally, and without permission or justification, even though Defendant, Draper and Goldberg, as Substitute Trustee, cannot convey insurable title to Subject Property". Plaintiffs' Complaint, ¶ 69.

9. In Count VI, Plaintiffs allege "Defendants … failed to disclose all the material facts evidencing that the Substitute Trustee could not convey insurable title to the property." Plaintiffs' Complaint, ¶ 73.

10. In Count VII, Plaintiffs allege that "Defendants … failed to disclose all the material facts evidencing that the Substitute Trustee could not convey insurable title to the property." Plaintiffs' Complaint, ¶ 78.

11. Neither DRAPER nor D & G acted as substitute trustee. Nor do Plaintiffs specifically allege that they did so.

12. GOLDBERG is the true substitute trustee. Deed appointing L. Darren Goldberg as substitute trustee attached as Exhibit A.

13. Each of Plaintiffs' Counts in their Complaint, either explicitly or implicitly, is predicated on wrongdoings allegedly committed by the substitute trustee.

14. Dismissal of DRAPER and Draper and Goldberg, PLLC, will not affect this Court's jurisdiction.

15. Dismissal of these parties will not affect the Plaintiffs' underlying claim.

WHEREFORE, for the above stated reasons, GOLDBERG petitions this Court to dismiss David W. Draper, esq., and Draper and Goldberg, PLLC, as parties to this action as these parties were improperly joined in the original complaint, or, in the alternative, dismiss these parties pursuant to Fed. Rules of Civ. Proc. 12(b)(6) as Plaintiffs have failed to state a claim against these Defendants.

Respectfully Submitted,

David W. Draper, esq.
Draper and Goldberg, PLLC
by counsel

/s/ James E. Clarke
L. Darren Goldberg (DC Bar # 450336)
James E. Clarke (DC Bar # 460826)
Rita Ting-Hopper (DC Bar # 481136)
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175-5654
703-777-7101 (main)
703-995-4542 (facsimile)

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2005, a copy of the foregoing was mailed, first class postage prepaid, to the following:

John and Yves Cadet
3816 4th Street, NW
Washington, DC 20011

Alex Cooper Auctioneers, Inc
c/o Mark D. Meyer, Esq.
7910 Woodmont Ave, Ste 750
Bethesda, MD  20814

Wells Fargo Home Mortgage, Inc.
Wells Fargo Bank, N.A.
G.E. Capital Mortgage Services, Inc
c/o Garry Tepper, Esq.
1050 Connecticut Avenue, N.W.
Washington, DC  20036

/s/ Rita Ting-Hopper
Rita Ting-Hopper, esq.

Case 1:05-cv-02105-JDB   Document 4   Filed 11/07/2005   Page 5 of 5