**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN CADET, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 05-2105 |
| ) | |
| DRAPER & GOLDBERG, PLLC, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION TO DISMISS AND**
**MOTION TO STRIKE**

COMES now the Defendant, L. Darren Goldberg, Substitute Trustee, "GOLDBERG", by and through counsel, and petitions the Court to Dismiss the Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). GOLDBERG also petitions this Honorable Court to Strike portions of the Plaintiffs' motion as immaterial and scandalous pursuant to Fed. Rule Civ. Proc. 12(f). GOLDBERG submits the accompanying memorandums of points and authorities to support his Motion to Dismiss and Motion to Strike.

Respectfully Submitted,

L. Darren Goldberg, Substitute Trustee

_____
L. Darren Goldberg (DC Bar # 450336)
James E. Clarke (DC Bar # 460826)
Rita Ting-Hopper (DC Bar # 481136)
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175-5654
703-777-7101

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN CADET, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 05-2105 |
| ) | |
| DRAPER & GOLDBERG, PLLC, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS OF AUTHORITY IN SUPPORT OF**

**DEFENDANT L. DARREN GOLDBERG, SUBSTITUTE TRUSTEE'S,**

**MOTION TO DISMISS AND MOTION TO STRIKE**

Comes now the Defendant, L. Darren Goldberg, Substitute Trustee, (hereinafter "GOLDBERG"), by and through counsel, and hereby petitions the court to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted pursuant to Fed. Rules Civ. Proc. 12(b)(6) and Motion to Strike pursuant to Fed. Rules Civ. Proc. 12(f). In support of his motion GOLDBERG states as follows:

**I. Factual Background**

Defendant GOLDBERG was appointed Substitute Trustee for the property commonly known as 2948 Abermarle Street, N.W., Washington, DC 20008 (hereinafter "Subject Property"). GOLDBERG retained the services of Alex Cooper Auctioneers, Inc. (hereinafter "COOPER") to hold a public auction for the foreclosure sale of the Subject Property.

Prior to the sale COOPER ran advertisements in the Washington Times announcing the sale. The ads stated in part that "TERMS OF SALE: Property sold in "AS IS" condition. Subject to liens of record." Plaintiffs, responding to one of these ads, attended the public auction held on July 15, 2004. Plaintiffs were the successful bidders with a winning bid of Five Hundred Thousand and No/100 Dollars ($500,000.00). Plaintiffs were required to post a cash deposit of Thirty Thousand and No/100 Dollars ($30,000.00). The Plaintiffs signed a "Memorandum of Sale" memorializing the sale.

The Memorandum of Sale contained the following terms: "If the trustee is unable to convey insurable title to this property for any reason, the sole remedy of the purchaser is the return of the deposit. Reasons for such inability include but are not limited to, the filing of a bankruptcy petition prior to the sale and reinstatement of the loan without the knowledge of the Trustee(s)." Also, "Settlement must be within 30 days of the sale date. Time is of the essence. If settlement does not occur within this time, the deposit may be forfeited, and the trustees may avail themselves of all other legal or equitable rights against the defaulting purchaser."

Plaintiffs did not consummate the sale within the 30 days as required by the contract. Plaintiffs requested and were granted extensions to the time for Settlement. Despite these extensions, Plaintiffs never tendered the purchase monies. On October 21, 2004, GOLDBERG notified Plaintiffs that they were in default and informed the Plaintiffs that the Substitute Trustee was retaining their deposit as liquidated damages. In addition the Plaintiffs were notified that GOLDBERG was arranging for the immediate resale of the property. Foreclosure proceedings were then resumed on the Subject

Property but were subsequently placed on hold due to a bankruptcy filed by one of the mortgagors after the July 15, 2004, sale. Plaintiffs now sue for the below listed reasons.

## II. Legal Standard

In reviewing a motion for dismissal, the Court should "accept the well-pleaded allegations of the complaint as true." *Albright v. Oliver,* 510 U.S. 266, 268 (U.S. 1994). "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhode*, 416 U.S. 232, 236 (U.S. 1974). Under Rule 8, sections (a) and (e) of the Federal Rules of Civil Procedure a complaint is sufficient so long as it fairly puts the defendant on notice of the claim against him.

## III. Argument

### A. Count I - Fraud

Rule 9(b) of the Federal Rules of Civil Procedure Rules requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The essential elements of common law fraud are: (1) False representation; (2) in reference to a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) action is taken upon the representation. *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977). Plaintiffs have failed to meet this burden for pleading fraud and Count I should be dismissed.

Plaintiffs point to only one positive representation by GOLDBERG as being fraudulent. Plaintiffs complain that GOLDBERG advertised the Subject Property as being "valuable property" and assert that this was fraudulent and deceptive. Plaintiffs'

Complaint, ¶ 61.  "Valuable" is defined by the Merriam-Webster Online Dictionary as "having monetary value" or "worth a good price".

Any claim that this statement was fraudulent or deceptive is undercut by Plaintiffs' own admissions.  Plaintiffs have shown that there was competitive bidding on the Subject Property, with the next highest bid to theirs being Four Hundred Ninety-Nine Thousand and No/100 Dollars ($499,000.00).  *Id.* at ¶ 62.  They further aver that prior to the sale there was a rejected offer by a third-party purchaser for Two Hundred Fifty Thousand and No/100 Dollars ($250,000.00).  *Id.*  In addition, Plaintiffs have stated that the Subject Property has value to them personally "because of the location, the good schools in the area, the nearby shops, and the fact that it was five (5) minutes away and accessible to many areas that the Plaintiffs visited and where they stopped."  *Id.* at ¶13.  Plaintiffs' own admissions show that the property has value and is "valuable".  Plaintiffs' contention that the Subject Property is worth less than they had thought is without force, as GOLDBERG made no representations as to the actual value of the property.

Plaintiffs' further allege that GOLDBERG acted fraudulently by allowing owners of an adjacent property and a tenant of the Subject Property to bid at the auction.  *Id*. at ¶62. Plaintiffs have failed to show how allowing members of the public to attend a public auction is fraudulent.  The facts plead, that MacDonald and Wiss knew the amount due on the mortgage, that they had made an offer on the Subject Property that was rejected, and that they are collecting rent from the tenant occupying the Subject Property (*id.*), are immaterial.  These facts, if known to the Plaintiffs at the time of the auction, may or may not have affected their bidding, but are not a basis for barring MacDonald and Wiss from a public auction.

Plaintiffs allege that GOLDBERG acted fraudulently by concealing material facts. "To prove fraud, a plaintiff must show by clear and convincing evidence that there is a false representation of material fact which is knowingly made with the intent to deceive and action is taken in reliance upon the misrepresentation. Nondisclosure of material information may constitute fraud … especially where there is a duty to disclose." *Pyne v. Jamaica Nutrition Holdings Ltd.,* 497 A.2d 118, 131 (D.C. 1985) (internal citations omitted).

Plaintiffs have failed to show that GOLDBERG had a duty to disclose the alleged facts that "(1) that the Subject Property had been the subject of foreclosure action on nine (9) previous occasions over a period of about of about ten (10) years; (2) that the Subject Property had been offered for sale at public auction on several previous occasions over a period of several years without a consummated sale; (3) that the Subject Property was subject to an easement; (4) that the Subject Property was subject to a tenancy; (5) it was registered with the D.C. Surveyor's Office as a record lot, instead of a survey lot … and (6) the value of the home on the Subject Property was substantially less valuable that the land." Plaintiffs' Complaint at ¶59.

In the District of Columbia, "[t]he general rule is that a foreclosure purchaser takes a property subject to prior liens and interests accruing prior to consummation of the sale. The recording of the assessments operates as constructive notice to all purchasers. Moreover, a trustee generally has no obligation to disclose liens or interests which the purchaser could have discovered by his own investigation. … In other words, the doctrine of caveat emptor applies to foreclosure sales because a trustee makes no warranty of title and is generally subject to no duty to investigate or describe outstanding liens or

encumbrances. The purchaser must therefore make his own investigation and determine what liens or encumbrances may exist against the property prior to turning over his deposit." *Stuart v. American Security Bank*, 494 A.2d 1333, 1338 (D.C. 1985) (Internal citations omitted).

Here, as in *Stuart*, "[t]he disputed advertisement was thus sufficient to enable a prospective purchaser, 'by the exercise of ordinary intelligence, to locate the property and to obtain more detailed information concerning it.' … That he failed to obtain the information before the foreclosure sale is no one's fault except his own." *Id.* at 1338, 1339 (citing *Garland v. Hill*, 346 A.2d 711, 713). Plaintiffs have shown that all of these alleged facts constituting "inside information" were discernible through due diligence. However, as is shown, the Plaintiffs should have conducted the investigation prior to bidding if these alleged facts would have affected their bidding.

Plaintiffs have failed to show any conduct or statements made by GOLDBERG that were fraudulent. Plaintiffs have also failed to prove that GOLDBERG committed fraud by not informing them of the alleged facts enumerated in Paragraph 59 of their complaint. Therefore Count I of Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**B. Count II – Misrepresentation**

Misrepresentation, if it differs from fraud, differs in that the misrepresentation is innocently or recklessly made. The rationale for allowing a cause of action for misrepresentation is "that where the defendant affirms that to be true within his own knowledge which he does not know to be true, to induce another to act upon it, and it is acted upon, such affirmation is equally fraudulent and deceptive, as where he asserts that

to be true which he knows to be false. There is deception in both cases, and if wrong and injury results the remedy ought to be the same. And so where a representation of a fact, susceptible of actual knowledge, is recklessly made, the party making it being indifferent how the truth of the matter really stands, and damage results, the party should be held liable." *Darnell v. Darnell*, 200 F.2d 747, 748 (D.C. Cir. 1952) (quoting *Browning v. National Capital Bank*, 13 App. D.C. 1, 14, 15 (D.C. Cir. 1898)).

"It is generally understood that four conditions must be met before a contract may be avoided for innocent misrepresentation. The recipient of the alleged misrepresentation must demonstrate that the maker made an assertion: (1) that was not in accord with the facts, (2) that was material, and (3) that was relied upon (4) justifiably by the recipient in manifesting his assent to the agreement. District of Columbia law adds a fifth condition, i.e., that the recipient relied to his detriment." *Barrer v. Women's Nat'l Bank*, 761 F.2d 752, 758 (D.C. Cir. 1985).

The *Barrer* Court, in determining if misrepresentation occurred, went on to state that "the only non-disclosures that may be considered assertions of fact for purposes of misrepresentation analysis are non-disclosures of facts known to the maker where the maker knows that disclosure: (a) is necessary to prevent a previous assertion from being a misrepresentation or from being fraudulent or material, (b) would correct a mistake of the other party as to a basic assumption on which the party is making the contract, if non-disclosure amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing, or (c) would correct a mistake of the other party as to the contents or effect of a writing. The section (Section 161 of Restatement (Second) of Contracts) also provides that where the other person is entitled to know the non-disclosed

facts because a relation of trust and confidence exists between the parties, non-disclosure is equivalent to an assertion of facts." *Id*.

The Plaintiffs, when applying the above legal standard, have failed to plead sufficiently to prevail on their cause of action for Misrepresentation. As discussed in Count I, *supra*, the only positive representation GOLDBERG made regarding the property is that it was "valuable". Plaintiffs assert that this is a misrepresentation due to various issues regarding the subject property, such as previous foreclosure sales, a tenancy, etc. However, as shown above, the term "valuable" is not a misrepresentation as the property clearly has value. Plaintiffs' assertion of misrepresentation fails as the term "valuable" is in accord with the known facts.

As to any non-disclosures that could be considered a misrepresentation, and applying the four instances listed in the Restatement (Second) of Contracts and relied upon by the *Barrer* court, it is again clear that GOLDBERG did not misrepresent anything due to non-disclosure. For instance (a), GOLDBERG made no assertions about the property that needed to be corrected, and sold the property "as is". As for the last instance, the relationship between the parties, GOLDBERG had no duty to disclose what the Plaintiffs contend would have affected their bidding. This is so because the property was sold at a foreclosure sale, where the doctrine of *caveat emptor* applies. The burden was on the Plaintiffs to conduct their own investigation of the Subject Property before bidding.

As to the other two instances listed where non-disclosure could be a misrepresentation, instances (b) and (c), Plaintiffs do not allege facts sufficient to show that GOLDBERG was aware of a mistake as to a basic assumption about the contract, or

a mistake about the contents of the contract. Again, the doctrine of *caveat emptor* applies, and Plaintiffs should have refrained from bidding at a foreclosure sale if they were unsure of the process. For the above reasons, Count II of Plaintiffs' Complaint should be dismissed.

**C. Count III – Breach of Contract**

Plaintiffs' Complaint for Breach of Contract should be dismissed because the facts plead by Plaintiffs show that they are the only parties to have breached the contract. Plaintiffs admit that on July 15, 2004, they entered into a written contract where the Plaintiffs agreed to purchase the Subject Property, as is, for the price of Five Hundred Thousand and No/100 Dollars ($500,000.00). Further, plaintiffs have shown that the price was to be in cash, with a Thirty Thousand and No/100 Dollar ($30,000.00) deposit due at sale. The sale was conditioned on GOLDBERG's ability to deliver insurable title, and in the case of their default Plaintiffs agreed that their deposit would be forfeited.

Plaintiffs have failed to show how GOLDBERG breached his agreement to deliver insurable title. Rather, Plaintiffs, throughout their Complaint, conflate their inability to obtain financing with insurability of title for the Subject Property. The Plaintiffs never tendered performance and have failed to show that GOLDBERG was incapable of delivering insurable title.

Plaintiffs' allegations in Paragraph 67, that the Subject Property is subject to an easement, subject to a tenancy, its status with the D.C. Surveyor's Office, the value of the home relative to the property, the issues of prior foreclosures, and the issue of prior foreclosure sales, even if true, are immaterial to the contract. These issues may or may not affect the value of the Subject Property; however, GOLDBERG explicitly stated that

the Subject Property was sold "As is." None of these alleged facts are clouds on the title that would affect insurability of title to the Subject Property.

Plaintiffs allege that GOLDBERG breached the contract by retaining their deposit. Plaintiffs' own pleadings show that they are the only party in default of the contract and that the remedy GOLDBERG pursued, the forfeiture of the deposit, was explicitly stated in the contract. Plaintiffs allege in Count V, but not in this Count, that there is no evidence that GOLDBERG suffered any damages. *Id*. at ¶70. This is contradicted by the facts plead, where it has been shown that GOLDBERG, due to Plaintiffs' breach, had to re-schedule a foreclosure sale. *Id*. at ¶55. The amount of damages is not alleged, but Plaintiffs have shown that their breach has resulted in damages.

Plaintiffs' statements about the insurability of title are conclusory; no evidence is shown that the title offered at the foreclosure sale was not insurable. Therefore, Plaintiffs' Count III of the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**D. Count IV – Wrongful Conversion**

Conversion is the unlawful exercise of ownership, dominion or control over the personal property of another in denial of his repudiation of his rights thereto. *Flocco v. State Farm Mut. Auto. Ins. Co.*, 752 A.2d 147, 158 (D.C. 2000). Plaintiffs Complaint of Wrongful Conversion should be dismissed as it is not supported by the facts plead.

Plaintiffs again erroneously state that GOLDBERG could not deliver insurable title to the Subject Property. Plaintiffs have no basis for this belief, as they have shown that they never tendered performance by remitting the balance due from the foreclosure

sale. Plaintiffs, in this Count, incorporate facts previously pled that may or may not have affected their ability to obtain financing, but as the sale was not conditioned on Plaintiffs obtaining financing, these facts are immaterial. Plaintiffs further allege that GOLDBERG retained their deposit without permission and that Plaintiffs never agreed to pay liquidated damages if they were unable to obtain financing. These allegations are refuted by Plaintiffs' pleadings, where it has been shown that Plaintiffs entered into a contract for the sale of the Subject Property, Plaintiffs breached the contract, and one of the remedies provided in the contract was forfeiture of Plaintiffs' deposit. For the above reasons Plaintiffs' Count IV of the Complaint should be dismissed.

**E.  Count V – Unjust Enrichment**

Count V of Plaintiffs' Complaint against GOLDBERG should be dismissed as it is based upon a theory of quasi-contract and equitable relief and is inapplicable here, where Plaintiffs have shown an express contract between GOLDBERG and them and their theory of recovery is based on the contract. *See Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co.,* 870 A.2d 58, 63 (D.C. 2005), *Bloomgarden v. Coyer*, 479 F.2d 201, 210 (D.C. Cir. 1973).

**F.  Count VI – Civil Conspiracy**

To establish a prima facie case of civil conspiracy Plaintiffs need to prove "(1) an agreement between two or more persons (2) to participate in an unlawful act, and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme." *Paul v. Howard Univ*., 754 A.2d 297, 310 (D.C. 2000) (citing *Griva v. Davison*, 637 A.2d 830, 848 (D.C. 1994)). Here, as in *Paul*, Plaintiffs have made several conclusory statements that the Defendants

have engaged in a conspiracy against the Plaintiffs but have alleged no specific facts to support these assertions. *Id.*

Plaintiffs' allegations of fraud – that the term "valuable" is fraudulent and that GOLDBERG had a duty to disclose alleged defects in the Subject Property have been addressed in III.A., *supra*. Nor have Plaintiffs shown that allowing members of the public, specifically MacDonald and Wiss, to attend a public auction, is illegal or furthers an illegal scheme. Also, here, as in other Counts of the Complaint, Plaintiffs confuse insurability of title with the value of the underlying collateral. Because Plaintiffs have failed to plead facts sufficient to support the prima facie case for Civil Conspiracy, Count VI should be dismissed.

### G. Count VII – Equitable Estoppel

To prevail on a claim of equitable estoppel Plaintiffs must show "(1) conduct amounting to a false representation or concealment of material fact (2) made with actual or constructive knowledge of the true facts, and (3) with the intention that another person act in reliance upon it; (4) the other person's lack of knowledge and of the means of knowledge concerning the truth of the representation, (5) and his reliance upon the misrepresentation, (6) causing him to act so as to change his position prejudicially." *Cassidy v. Owen*, 533 A.2d 253, 255 (D.C. 1987).

The Court in *Cassidy* went on, stating that "[a] person claiming estoppel by misrepresentation must have *reasonably* relied on the misrepresentation." *Id.* at 256, citing 31 C.J.S. Estoppel § 78, at 461 (1964). "[One] who claims the benefit of an estoppel on the ground that he has been misled by the representations of another must not have been misled through his own want of reasonable care and circumspection. A lack of

diligence by a party claiming an estoppel is generally fatal. If the party conducts himself with careless indifference to means of information reasonably at hand, or ignores highly suspicious circumstances, he may not invoke the doctrine of estoppel." *Id.* at Note 4.

Because the term "valuable" is not fraudulent, and because Plaintiffs have shown that the alleged "inside information" regarding the Subject Property was ascertainable through due diligence, and because Plaintiffs failed to exercise due diligence before bidding at the foreclosure sale, Count VII of the Complaint should be dismissed. As shown in III.A., *supra,* the doctrine of *caveat emptor* is applied in foreclosure sales. Plaintiffs should not be allowed to invoke the doctrine of equitable estoppel to excuse their lack of due diligence.

**H.  Count VIII – Violation of the D.C. Consumer Protection Procedures Act (CPPA)**

GOLDBERG, as a preliminary matter, moves the Court to strike portions of the Plaintiffs' complaint pursuant to Fed. Rules Civ. Proc. 12(f). Specifically, GOLDBERG objects to the Plaintiffs' allegation that he is an idolater or practices idolatry (Plaintiffs' Complaint, ¶87, 88). While perhaps violative of the First Commandment, Plaintiffs' allegation is not cognizable at law and is scandalous and impertinent. Therefore, GOLDBERG petitions the Court to strike those references.

Plaintiffs allege that GOLDBERG violated D.C. Code § 28-3904(e) and (f) of the Consumer Protection Procedures Act (CPPA, or the "Act"). The Act states in part that it is a violation "of this chapter, whether or not any consumer is in fact misled, deceived, or damaged thereby, for any person to … (e) misrepresent as to a material fact which has a tendency to misled; [and] (f) fail to state a material fact if such failure tends to mislead". A claim for fraudulent misrepresentation under the Act "requires the same burden of

proof as does a common law claim for such misrepresentation – the clear and convincing standard." *Bynum v. Equitable Mortgage Group*, 2005 U.S. Dist. LEXIS 6363 (D.D.C. 2005) (quoting *Osbourrne v. Capital City Mortgage Corp.*, 727 A.2d 322, 325 (D.C. 1999).

Plaintiffs have failed to meet this burden and this claim should be dismissed. Plaintiffs complaint for fraudulent misrepresentation has been addressed in III.A., *supra*. To summarize, the contention that use of the term "valuable" is misleading is contradicted by Plaintiffs' own pleadings showing that the property does possess value. Nor have Plaintiffs shown that GOLDBERG, as substitute trustee, had a duty to disclose the alleged imperfections of the Subject Property.  As stated previously, the doctrine of *caveat emptor* applies at foreclosure sales, and the Plaintiffs should have performed a due diligence investigation of the property prior to bidding at an auction.

Furthermore, Plaintiffs have failed to state what aspect of the contract violated §28-3904(r) of the Act.  Plaintiffs admit that they bid at the sale with the understanding that all sales were in cash and settlement was to occur within 30 days of the sale date. Further, Plaintiffs admit that one of the remedies in the contract was forfeiture of their deposit if they did not tender the balance due.  Plaintiffs have made no showing as to how forfeiture of a $30,000.00 deposit on a cash sale of $500,000.00 is *per se* unconscionable. Plaintiffs' pleadings show that their actions have caused damages – that the foreclosure sale had to be re-scheduled and then postponed.  A remedy Plaintiffs admit to and the one GOLDBERG pursued was forfeiture of Plaintiffs' deposit.

WHEREFORE, for the above stated reasons, GOLDBERG petitions this Court to Dismiss Plaintiffs' Complaint, Counts I, and III through VIII for failure to state a claim upon which relief can be granted, dismiss Count II as duplicative, and Strike portions of Count VIII as impertinent.

Respectfully Submitted,

> L. Darren Goldberg, Substitute Trustee
> by counsel
>
> __/s/ James E. Clarke_____
> L. Darren Goldberg (DC Bar # 450336)
> James E. Clarke (DC Bar # 460826)
> Rita Ting-Hopper (DC Bar # 481136)
> 803 Sycolin Road, Suite 301
> Leesburg, Virginia 20175-5654
> 703-777-7101 (main)
> 703-995-4542 (facsimile)

CERTIFICATE OF SERVICE

     I hereby certify that on this _____ day of November, 2005, a copy of the foregoing was mailed, first class postage prepaid, to the following:

     John and Yves Cadet
     3816 4th Street, NW
     Washington, DC 20011

     Mark D. Meyer, esq.
     Counsel for Alex Cooper Auctioneers, Inc.
     7910 Woodmont Ave, Ste 750
     Bethesda, MD  20814

     Gary C. Tepper, esq.
     Counsel for Wells Fargo Home Mortgage, Inc.
     Counsel for Wells Fargo Bank, N.A.
     Counsel for G.E. Capital Mortgage Services, Inc.
     1050 Connecticut Ave, NW
     Washington, DC  20036

                                                              Rita Ting-Hopper, Esq.