UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN CADET, *et al.* | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No. 1:05-CV-02105 PLF |
| | ) |
| DRAPER & GOLDBERG, PLLC, *et al.* | ) |
| | ) |
| Defendants. | ) |

## **MOTION TO DISMISS**

COMES now the Defendants, Draper & Goldberg, PLLC, L. Darren Goldberg, and David W. Draper, Jr., by and through counsel, and petitions the Court to Dismiss the Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). In support of this Motion these Defendants submit the accompanying memorandum of points and authorities.

Respectfully Submitted,

Draper & Goldberg, PLLC, and
L. Darren Goldberg, and
David W. Draper, Jr.

/s/ David M. McPherson
L. Darren Goldberg (DC Bar # 450336)
David M. McPherson (DC Bar # 488358)
Rita Ting-Hopper (DC Bar # 481136)
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175-5654
703-777-7101

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23 day of October, 2006, a copy of the foregoing Motion to Dismiss and accompanying Memorandum was mailed, first class postage prepaid, or served electronically to the following:

Travis A. Murrell
Attorney at Law
1501 11th St., NW
Washington, DC 20001
*Counsel for Plaintiffs*

Mark D. Meyer, Esq.
ROSENBERG & ASSOCIATES, LLC
7910 Woodmont Ave., Ste. 750
Bethesda, MD 20814

Gary C. Tepper, Esq.
ARENT FOX, PLLC
1050 Connecticut Ave., NW
Washington, DC 20036
*Counsel for Wells Fargo Home Mortgage, Inc.*
*Counsel for Wells Fargo Bank, N.A.*
*Counsel for G.E. Capital Mortgage Services, Inc*

/s/ David M. McPherson
David M. McPherson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN CADET, *et al.* )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>DRAPER & GOLDBERG, PLLC, *et al.* )<br>)<br>Defendants. )<br>)<br>_____) | Case No. 1:05-CV-02105 PLF |

## MEMORANDUM OF POINTS OF AUTHORITY IN SUPPORT OF DEFENDANTS DRAPER & GOLDBERG, PLLC, L. DARREN GOLDBERG, AND DAVID W. DRAPER, JR.'S MOTION TO DISMISS

Comes now the Defendants, Draper & Goldberg, PLLC, L. Darren Goldberg, and David W. Draper, Jr., (hereinafter "DRPAPER & GOLDBERG"), by and through counsel, and hereby petitions the court to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. Rules Civ. Proc. 12(b)(6). In support of this motion DRAPER & GOLDBERG states as follows:

### I. Jurisdiction

This matter was originally filed in Superior Court for the District of Columbia as case number 05-0006858. It was removed to the District Court pursuant to 28 U.S.C. §§ 1441, *et seq.* and with the consent of all parties.

### II. Undisputed Facts

Defendant L. Darren Goldberg was appointed Substitute Trustee for the property commonly known as 2948 Abermarle Street, N.W., Washington, DC 20008 (hereinafter

"Subject Property"). DRAPER & GOLDBERG retained the services of Alex Cooper Auctioneers, Inc. (hereinafter "COOPER") to hold a public auction for the foreclosure sale of the Subject Property.

Prior to the sale COOPER ran advertisements in the Washington Times announcing the sale. The ads stated in part that "TERMS OF SALE: Property sold in "AS IS" condition. Subject to liens of record." Plaintiffs, responding to one of these ads, attended the public auction held on July 15, 2004 at approximately 10:30 a.m. Plaintiffs were the successful bidders with a winning bid of Five Hundred Thousand and No/100 Dollars ($500,000.00). Plaintiffs were required to post a cash deposit of Thirty Thousand and No/100 Dollars ($30,000.00). The Plaintiffs signed a "Memorandum of Sale" memorializing the sale.

The Memorandum of Sale contained the following terms: "If the trustee is unable to convey insurable title to this property for any reason, the sole remedy of the purchaser is the return of the deposit. Reasons for such inability include but are not limited to, the filing of a bankruptcy petition prior to the sale and reinstatement of the loan without the knowledge of the Trustee(s)." Also, "Settlement must be within 30 days of the sale date. Time is of the essence. If settlement does not occur within this time, the deposit may be forfeited, and the trustees may avail themselves of all other legal or equitable rights against the defaulting purchaser."

Plaintiffs did not consummate the sale within the 30 days as required by the contract. Plaintiffs requested and were granted extensions to the time for Settlement. Despite these extensions Plaintiffs never tendered the purchase monies. On October 21, 2004, DRAPER & GOLDBERG notified Plaintiffs that they were in default and

informed the Plaintiffs that the Substitute Trustee was retaining their deposit as liquidated damages. In addition the Plaintiffs were notified that DRAPER & GOLDBERG was arranging for the immediate resale of the property. Foreclosure proceedings were then resumed on the Subject Property but were subsequently placed on hold due to a bankruptcy filed by one of the mortgagors after the July 15, 2004, sale. Attached as Exhibit A is the Voluntary Petition for James and Iraline Barnes, previous owners of the Subject Property, showing that the Petition was filed July 15, 2004, and stamped at 3:08 p.m. Plaintiffs now sue for the below listed reasons.

### III. Legal Standard

In reviewing a motion for dismissal, the Court should "accept the well-pleaded allegations of the complaint as true." *Albright v. Oliver,* 510 U.S. 266, 268 (U.S. 1994). "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhode,* 416 U.S. 232, 236 (U.S. 1974). Under Rule 8, sections (a) and (e) of the Federal Rules of Civil Procedure a complaint is sufficient so long as it fairly puts the defendant on notice of the claim against him.

### IV. Argument

### A. Count I - Fraud

Rule 9(b) of the Federal Rules of Civil Procedure Rules requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The essential elements of common law fraud are: (1) False representation; (2) in reference to a material fact; (3) made with knowledge of its falsity;

(4) with the intent to deceive; and (5) action is taken upon the representation. *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977). Plaintiffs have failed to meet this burden for pleading fraud and Count I should be dismissed.

Plaintiff's allege in paragraph 37 of their amended complaint that the Defendants "intentionally misrepresented, concealed and withheld material facts affecting the Subject Property from the Plaintiffs including but not limited to (a) that the Subject Property had been offered for sale at public auction on several occasions over a period of several years without a consummated sale, (b) that the Subject Property was subject to an easement, (c) that the Subject Property was subject to a leasehold interest of undeterminable duration and an existing tenant, (d) that the property was unsuitable for the purpose intended, (e) that the auction was a sham transaction, (f) that the property was inadequate and unacceptable as collateral for financing, and (g) that the Defendants could not deliver title to the property." In paragraph 38 the Plaintiffs further allege that the Substitute Trustee could not convey insurable title to the Subject Property and "had no authority to proceed with the transaction." Each of these allegations will be addressed in turn.

Plaintiffs do not allege that DRAPER & GOLDBERG made positive statements that were false or misleading. Rather, the crux of Plaintiffs' argument is that DRAPER & GOLDBERG acted fraudulently by concealing material facts. "To prove fraud, a plaintiff must show by clear and convincing evidence that there is a false representation of material fact which is knowingly made with the intent to deceive and action is taken in reliance upon the misrepresentation. Nondisclosure of material information may constitute fraud ... especially where there is a duty to disclose." *Pyne v. Jamaica Nutrition Holdings Ltd.*, 497 A.2d 118, 131 (D.C. 1985) (internal citations omitted).

Plaintiffs have failed to show that DRAPER & GOLDBERG had a duty to disclose the alleged facts that "(a) that the Subject Property had been offered for sale at public auction on several previous occasions ... (b) that the Subject Property was subject to an easement," and "(c) the Subject Property was subject to a leasehold interest of undeterminable duration and an existing tenant". Plaintiffs' Amended Complaint, paragraph 37.

In the District of Columbia, "[t]he general rule is that a foreclosure purchaser takes a property subject to prior liens and interests accruing prior to consummation of the sale. The recording of the assessments operates as constructive notice to all purchasers. Moreover, a trustee generally has no obligation to disclose liens or interests which the purchaser could have discovered by his own investigation. ... In other words, the doctrine of caveat emptor applies to foreclosure sales because a trustee makes no warranty of title and is generally subject to no duty to investigate or describe outstanding liens or encumbrances. The purchaser must therefore make his own investigation and determine what liens or encumbrances may exist against the property prior to turning over his deposit." *Stuart v. American Security Bank*, 494 A.2d 1333, 1338 (D.C. 1985) (Internal citations omitted).

Here, as in *Stuart*, "[t]he disputed advertisement was thus sufficient to enable a prospective purchaser, 'by the exercise of ordinary intelligence, to locate the property and to obtain more detailed information concerning it.' ... That he failed to obtain the information before the foreclosure sale is no one's fault except his own." *Id.* at 1338, 1339 (citing *Garland v. Hill*, 346 A.2d 711, 713). Plaintiffs have shown that all of these alleged misrepresentations or concealments were discernible through due diligence.

However, as is shown, the Plaintiffs should have conducted the investigation prior to bidding if these alleged facts would have affected their bidding.

Plaintiffs' allegation "that the [Subject] property was unsuitable for the purpose intended" is immaterial and unsupported by their pleadings. The only "purpose" Plaintiffs state in their Amended Complaint is that the "Subject Property would be suitable for their needs because of the location, the good schools in the area, the nearby shops, and the fact that it was five (5) minutes away and accessible to many areas that the Plaintiffs visited and where they stopped." Plaintiffs' Amended Complaint, paragraph 11. The only representations DRAPER & GOLDBERG made that are remotely pertinent to the Plaintiffs' intended purpose for the Property is its address, which is not in dispute.

Plaintiffs' allegation "(e) that the auction was a sham transaction", Plaintiffs' Amended Complaint, paragraph 37, is unsupported and Plaintiffs' have failed to plead fraud with particularity. The only facts alleged by the Plaintiffs that touch upon a "sham transaction" are contained in paragraph 14 of Plaintiffs' Amended Complaint. Paragraph 14 states in full that "[u]nbeknownst to the Plaintiffs, and based on knowledge, information and belief, the other participants, Ronald G. MacDonald and Marcia Wiss are: (a) well known to the Defendants, (b) claim a leasehold interest in the property, (c) were named parties to prior foreclosure procedures, (d) owners of property adjacent to the Subject Property located at 3000 Albemarle Street, N.W., Washington, D.C. 20008, and (e) that they have a driveway easement in their favor on the Subject Property." Even if everything alleged by the Plaintiff is true, there is no showing that the auction was fraudulent. Mr. MacDonald and Ms. Wiss are members of the public and are therefore entitled to attend a public auction. The argument against the allegation that the auction

was a "sham transaction" is more fully developed under Count V, Civil Conspiracy, *infra*.

Plaintiffs' allegation "(f) that the property was inadequate and unacceptable as collateral for financing" is also unsupported by their pleadings. The Subject Property was sold in an "as is" condition, as conceded by the Plaintiffs. Nor was their any representation that the sale was predicated on the Plaintiffs' ability to obtain financing. Plaintiffs list at great lengths their attempts to obtain financing, and concede that DRAPER & GOLDBERG made numerous concessions by extending the time to settle on the property. But what goes unmentioned is the second part of the calculus lending institutions consider when extending credit, which is the credit worthiness of the applicant. It is because financing is uncertain that DRAPER & GOLDBERG, when offering property for sale to the public, does not in any fashion predicate the sale on the prospective buyer's ability to obtain financing. The expectation at foreclosure sales is that the buyer either has guaranteed financing or liquid assets sufficient to cover their bid amount. The Plaintiffs seek to excuse their breach by alleging that the property is "unacceptable collateral", but have failed to show any evidence, however minute, that DRAPER & GOLDBERG made any representations to the contrary.

Plaintiffs allege that the Defendants could not deliver title to the Property. Plaintiffs' allegation that DRAPER & GOLDBERG could not deliver title, or insurable title, is at best speculative. Plaintiffs admit that they never tendered the purchase price as required by the written Memorandum of Sale. DRAPER & GOLDBERG's alleged inability to grant insurable title is therefore inchoate. DRAPER & GOLDBERG, up until it notified the Plaintiffs that they were in default, was capable and ready to deliver

insurable title to the Subject Property to the Plaintiffs. All of the Plaintiffs' alleged defects in the Subject Property, even if true, might have affected Plaintiffs bid had they done a diligent search of the land records prior to the foreclosure sale. But none of the alleged defects would prevent DRAPER & GOLDBERG from issuing insurable title to the Subject Property.

Finally, Plaintiffs allege that DRAPER & GOLDBERG "had no authority to proceed with the transaction." Plaintiffs' Amended Complaint, paragraph 38. Although not explicit in this Count, Plaintiffs are presumably referring to the previous owners' bankruptcy filed the same day as the foreclosure sale. This assumption is further supported by Plaintiffs' similarly worded allegations in Count V, paragraph 56, where the Plaintiffs allege that "the Defendants could not deliver title to the property in light of the bankruptcy filing by the record owners." Plaintiffs' allegations state that the foreclosure sale was advertised at 10:30 a.m. The record owners did not file bankruptcy until 3:08 p.m., well after the sale was concluded and after the Plaintiffs became the owners of the Subject Property. Even if there is a colorable argument that the Subject Property was subject to the bankruptcy estate, Plaintiffs do not have standing to assert this. What is clear is that Plaintiffs purchased the Subject Property prior to any bankruptcy filing, and that the previous owners' subsequent bankruptcy in no way excuses Plaintiffs' breach of the contract.

Plaintiffs have failed to show any conduct or statements made by DRAPER & GOLDBERG that were fraudulent. Plaintiffs have also failed to prove that DRAPER & GOLDBERG committed fraud by not informing them of the alleged facts enumerated in Paragraphs 37 and 38 of their Amended Complaint. The Plaintiffs had the responsibility

to perform due diligence prior to the sale to ascertain the facts that the Plaintiffs now allege were fraudulently concealed from them. Therefore Count I of Plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**B. Count II – Misrepresentation**

Misrepresentation, if it differs from fraud, differs in that the misrepresentation is innocently or recklessly made. The rationale for allowing a cause of action for misrepresentation is "that where the defendant affirms that to be true within his own knowledge which he does not know to be true, to induce another to act upon it, and it is acted upon, such affirmation is equally fraudulent and deceptive, as where he asserts that to be true which he knows to be false. There is deception in both cases, and if wrong and injury results the remedy ought to be the same. And so where a representation of a fact, susceptible of actual knowledge, is recklessly made, the party making it being indifferent how the truth of the matter really stands, and damage results, the party should be held liable." *Darnell v. Darnell*, 200 F.2d 747, 748 (D.C. Cir. 1952) (quoting *Browning v. National Capital Bank*, 13 App. D.C. 1, 14, 15 (D.C. Cir. 1898)).

"It is generally understood that four conditions must be met before a contract may be avoided for innocent misrepresentation. The recipient of the alleged misrepresentation must demonstrate that the maker made an assertion: (1) that was not in accord with the facts, (2) that was material, and (3) that was relied upon (4) justifiably by the recipient in manifesting his assent to the agreement. District of Columbia law adds a fifth condition, i.e., that the recipient relied to his detriment." *Barrer v. Women's Nat'l Bank*, 761 F.2d 752, 758 (D.C. Cir. 1985).

The *Barrer* Court, in determining if misrepresentation occurred, went on to state that "the only non-disclosures that may be considered assertions of fact for purposes of misrepresentation analysis are non-disclosures of facts known to the maker where the maker knows that disclosure: (a) is necessary to prevent a previous assertion from being a misrepresentation or from being fraudulent or material, (b) would correct a mistake of the other party as to a basic assumption on which the party is making the contract, if non-disclosure amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing, or (c) would correct a mistake of the other party as to the contents or effect of a writing. The section (Section 161 of Restatement (Second) of Contracts) also provides that where the other person is entitled to know the non-disclosed facts because a relation of trust and confidence exists between the parties, non-disclosure is equivalent to an assertion of facts." *Id.*

The Plaintiffs, when applying the above legal standard, have failed to plead sufficiently to prevail on their cause of action for Misrepresentation. As discussed in Count I, *supra*, the only positive representations DRAPER & GOLDBERG made regarding the property were contained in the ad and the terms of sale. None of these representations are alleged to be false.

As to any non-disclosures that could be considered a misrepresentation, and applying the four instances listed in the Restatement (Second) of Contracts and relied upon by the *Barrer* court, it is again clear that DRAPER & GOLDBERG did not misrepresent anything due to non-disclosure. For instance (a), GOLDBERG made no assertions about the property that needed to be corrected, and sold the property "as is". As for the last instance, the relationship between the parties, GOLDBERG had no duty to

disclose what the Plaintiffs contend would have affected their bidding. This is so because the property was sold at a foreclosure sale where the doctrine of *caveat emptor* applies. The burden was on the Plaintiffs to conduct their own investigation of the Subject Property before bidding.

As to the other two instances listed where non-disclosure could be a misrepresentation, instances (b) and (c), Plaintiffs do not allege facts sufficient to show that DRAPER & GOLDBERG was aware of a mistake as to a basic assumption about the contract, or a mistake about the contents of the contract. Again, the doctrine of *caveat emptor* applies, and Plaintiffs should have refrained from bidding at a foreclosure sale if they were unsure of the process. For the above reasons, Count II of Plaintiffs' Complaint should be dismissed.

### C. Count III – Breach of Contract

Plaintiffs' Complaint for Breach of Contract should be dismissed because the facts plead by Plaintiffs show that they are the only parties to have breached the contract. Plaintiffs admit that on July 15, 2004, they entered into a written contract where the Plaintiffs agreed to purchase the Subject Property, as is, for the price of Five Hundred Thousand and No/100 Dollars ($500,000.00). Further, plaintiffs have shown that the price was to be in cash, with a Thirty Thousand and No/100 Dollar ($30,000.00) deposit due at sale. The sale was conditioned on DRAPER & GOLDBERG's ability to deliver insurable title, and in the case of their default Plaintiffs agreed that their deposit would be forfeited.

Plaintiffs have failed to show how DRAPER & GOLDBERG breached his agreement to deliver insurable title. Rather, Plaintiffs, throughout their Complaint,

conflate their inability to obtain financing with insurability of title for the Subject Property. The Plaintiffs never tendered performance and have failed to show that DRAPER & GOLDBERG was incapable of delivering insurable title.

Plaintiffs' allegations in Paragraph 51 of their Amended Complaint that the Subject Property is "(a) … subject to an easement that materially affects the conveyance of insurable title, (b) … subject to a leasehold and tenancy that materially affects the conveyance of insurable title, (c) that the collateral is inadequate for securing financing, and (d) that the filing of bankruptcy by the owners of record prevented the continuance of the foreclosure sale" do nothing to bolster their argument.

The Subject Property was sold "As is." None of these alleged facts are clouds on the title that would affect insurability of title to the Subject Property. The easement and the tenancy might affect the value of the Subject Property but if these alleged defects are of record and are valid, the property was sold "as is" and subject to these restrictions. As the foreclosure sale was not predicated upon the Plaintiffs ability to obtain financing, the alleged inadequacy of the collateral is immaterial. And, as shown, the bankruptcy by the previous owners was post-sale and does not affect the validity of the foreclosure sale.

Plaintiffs allege that DRAPER & GOLDBERG breached the contract by being incapable of delivering insurable title and by retaining Plaintiffs' deposit. Plaintiffs' own pleadings show that they are the only party in default of the contract and that the remedy DRAPER & GOLDBERG pursued, the forfeiture of the deposit, was explicitly stated in the contract. Plaintiffs' statements about the insurability of title are conclusory; no evidence is shown that the title offered at the foreclosure sale was not insurable.

Therefore, Plaintiffs' Count III of the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### D. Count IV – Wrongful Conversion

Conversion is the unlawful exercise of ownership, dominion or control over the personal property of another in denial of his repudiation of his rights thereto. *Flocco v. State Farm Mut. Auto. Ins. Co.*, 752 A.2d 147, 158 (D.C. 2000). Plaintiffs Complaint of Wrongful Conversion should be dismissed as it is not supported by the facts plead.

Plaintiffs again erroneously state that DRAPER & GOLDBERG could not deliver insurable title to the Subject Property. Plaintiffs have no basis for this belief, as they have shown that they never tendered performance by remitting the balance due from the foreclosure sale. Plaintiffs, in this Count, incorporate facts previously pled that may or may not have affected their ability to obtain financing, but as the sale was not conditioned on Plaintiffs obtaining financing, these facts are immaterial. Plaintiffs further allege that DRAPER & GOLDBERG retained their deposit without permission. These allegations are refuted by Plaintiffs' pleadings, where it has been shown that Plaintiffs entered into a contract for the sale of the Subject Property, Plaintiffs breached the contract, and one of the remedies provided in the contract was forfeiture of Plaintiffs' deposit. For the above reasons Plaintiffs' Count IV of the Complaint should be dismissed.

### E. Count V – Civil Conspiracy

To establish a prima facie case of civil conspiracy Plaintiffs need to prove "(1) an agreement between two or more persons (2) to participate in an unlawful act, and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme." *Paul v. Howard Univ.*, 754

A.2d 297, 310 (D.C. 2000) (citing *Griva v. Davison*, 637 A.2d 830, 848 (D.C. 1994)). Here, as in *Paul*, Plaintiffs have made several conclusory statements that the Defendants have engaged in a conspiracy against the Plaintiffs but have alleged no specific facts to support these assertions. *Id.*

Plaintiffs' allegations of fraud – that DRAPER & GOLDBERG had a duty to disclose alleged defects in the Subject Property have been addressed above. None of these alleged defects would prevent DRAPER & GOLDBERG from performing its contractual duty to deliver insurable title. Plaintiffs' further allege in this count that there was a conspiracy when DRAPER & GOLDBERG "allow[ed] Macdonald and Wiss to participate in and fraudulently run up the bid on the Subject Property". Plaintiffs' Amended Complaint, paragraph 58. Plaintiffs have failed to show that allowing members of the public, specifically MacDonald and Wiss, to attend a public auction is either illegal or furthers an illegal scheme. Also, here, as in other Counts of the Complaint, Plaintiffs confuse insurability of title with the value of the underlying collateral.

Finally, Plaintiffs make the allegation that the term "valuable" in conjunction with the Subject Property is somehow deceptive or fraudulent. Plaintiffs' Amended Complaint, paragraph 59. However, Plaintiffs fail to offer any proof that this is deceptive, as the Property clearly has value to them, the taxing authority, and to the prior owners. Valuable is a term with an imprecise meaning. Had DRAPER & GOLDBERG made some representation as to the market value of the property, the Plaintiffs might have an argument for fraud. But as there was no representation beyond the fact that the property had some value, Plaintiffs can not contend that this was misleading. Because

Plaintiffs have failed to plead facts sufficient to support the prima facie case for Civil Conspiracy, Count V should be dismissed.

WHEREFORE, for the above stated reasons, DRAPER & GOLDBERG petitions this Court to Dismiss Plaintiffs' Amended Complaint. The Plaintiffs were the successful bidder at a foreclosure sale, where the doctrine of *caveat emptor* applies. The Subject Property was sold "as is" and the sale was not predicated on the buyers' ability to obtain financing. The Plaintiffs breached the written contract and seek to excuse their failure to perform on their own lack of due diligence and prior planning. It was the Plaintiffs' responsibility to fully exam the Subject Property and the land records regarding it, and it was the Plaintiffs' responsibility to ensure that they could tender the full amount of their bid within 30 days of sale. The Plaintiffs' Amended Complaint fails to justify why the Defendants should be responsible for Plaintiffs' failures.

Respectfully Submitted,

Draper & Goldberg, PLLC, and
L. Darren Goldberg, and
David W. Draper, Jr.

by counsel

__/s/ David M. McPherson__
L. Darren Goldberg (DC Bar # 450336)
David M. McPherson (DC Bar # 488358)
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175-5654
703-777-7101 (main)
703-995-4542 (facsimile)

United States Bankruptcy Court
United States Bankruptcy Court for the District of Columbia

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 07/15/2004 at 3:20 PM and filed on 07/15/2004.

**James Gregory Barnes**
6679 32nd Place NW
Washington, DC 20015
SSN: xxx-xx-4718

**Iraline G. Barnes**
6679 32nd Place NW
Washington, DC 20015
SSN: xxx-xx-3097



The bankruptcy trustee is:

**Wendell W. Webster**
Webster, Fredrickson & Brackshaw

1775 K Street, NW
Suite 600
Washington, DC 20006
202-659-8510

The case was assigned case number 04-01124 to Judge S. Martin Teel, Jr. .

ERROR - Unable to read Clerk Record from Site Table

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/23/2006 12:55:32 | | | |
| PACER Login: | dg0097 | Client Code: | 53876 |
| Description: | Notice of Filing | Search Criteria: | 04-01124 |
| Billable Pages: | 1 | Cost: | 0.08 |



EXHIBIT
A

| FORM B1 | **United States Bankruptcy Court**<br>District of_____ | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>BARNES, JAMES, GREGORY | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>BARNES, IRALINE G. |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>N/A | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>N/A |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D.<br>No. (if more than one, state all): 4718 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all): 3097 |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>6679 32nd PLACE NW<br>WASHINGTON, DC 20015 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>6679 32nd PLACE NW<br>WASHINGTON, DC 20015 |
| County of Residence or of the<br>Principal Place of Business: | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>SAME | Mailing Address of Joint Debtor (if different from street address):<br>SAME |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): 2948 ALBEMARLE ST, NW<br>WASHINGTON, DC 20008 | FILED<br>JUL 15 2004<br>Denise H. Curtis, Clerk<br>U.S. Bankruptcy Court - D.C. |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply)<br>[X] Individual(s)   [ ] Railroad<br>[ ] Corporation   [ ] Stockbroker<br>[ ] Partnership   [ ] Commodity Broker<br>[ ] Other _____   [ ] Clearing Bank | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box)<br>[X] Chapter 7   [ ] Chapter 11   [ ] Chapter 13<br>[ ] Chapter 9   [ ] Chapter 12<br>[ ] Sec. 304 - Case ancillary to foreign proceeding |
|---|---|
| **Nature of Debts** (Check one box)<br>[X] Consumer/Non-Business   [ ] Business | **Filing Fee** (Check one box)<br>[ ] Full Filing Fee attached<br>[ ] Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration<br>certifying that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>[ ] Debtor is a small business as defined in 11 U.S.C. § 101<br>[ ] Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)
[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

2004 JUL 15 P 3:08

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s): |
|---|---|
| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) |
|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _James M Barnes_
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
_202-686-4070_
Date _July 15, 2004_

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____
Telephone Number

_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)     Date

**Exhibit C**
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C.§ 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.