UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JOHN CADET, et al.**              )
                                    )
    Plaintiffs     )
                                    )
v.                                  )   Civil Action No: 1:05cv02105
                                    )   PLF
**DRAPER & GOLDBERG, PLLC, et al.** )
                                    )
    Defendants    . )
_____ )


### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

    Comes now, John Cadet and Yves Cadet, husband and wife (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, and respectfully submit their Opposition to Defendants' Motions to Dismiss.


    Respectfully submitted,


    /s/ Travis A. Murrell
    Travis A. Murrell, Esq. #228940
    Murrell & Associates, PLLC
    1501 - 11th Street, NW
    Washington, DC 20001
    (202) 234-6730 (voice)
    (202) 234-6738 (fax)

Dated: November 13, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JOHN CADET, et al.**              )
                                    )
    Plaintiffs     )
                                    )
v.                                  )   Civil Action No: 1:05cv02105
                                    )   PLF
**DRAPER & GOLDBERG, PLLC, et al.** )
                                    )
    Defendants   . )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

In further support of their opposition, Plaintiffs state as follows:

**I.**

**LEGAL STANDARD**

Dismissal of the instant complaint under Civil Rule 12 (b)(6) for failure to state a claim upon which relief can be granted is only proper where it appears beyond doubt that the Plaintiffs can prove no set of facts that would support their claims. *See Schiff v. American Association of Retired Persons*, 697 A.2d 1193 (D.C. App. 1997). A complaint must be construed favorably to the Plaintiffs and their allegations taken as true for the purpose of a motion to dismiss pursuant to Civil Rule 12(b)(6). *Atkins v. Industrial Tele. Assn*, 660 A2d 885 (D.C. App. 1995); *Fred Ezra Co. v. Pedas*, 682 A.2d 173 (D.C. App.1996).

**II.
THE DOCTRINE OF CAVEAT EMPTOR
DOES NOT BAR PLAINTIFFS' RECOVERY**

Defendants effectively rest their principal argument for dismissal on the application of the doctrine of caveat emptor. More specifically, and citing *Stuart v. Am. Sec Bank*, 494 A.2d 1333 (D.C. App. 1985), Defendants argue that:

> The doctrine of caveat emptor applies to foreclosure sales because a trustee makes no warranty of title and is generally subject to no duty to investigate or describe outstanding liens or encumbrances…The purchaser must therefore make his own investigation and determine what liens or encumbrances may exist against the property prior to turning over his deposit.

1. **The Case Falls Within Recognized Exceptions To The Doctrine**. The Doctrine of Caveat Emptor is a general rule, but not one without exceptions or limitations. As a general rule, a foreclosure purchaser takes property subject to all matters of record, and must therefore conduct his own investigation to determine what liens or encumbrances may exist. More succinctly stated the doctrine of caveat emptor applies to real estate defects where the defects are "observable and discoverable by an ordinary prudent person upon reasonable inspection and investigation." *Loughlin v. U.S.*, 230 F. Supp. 2d 26, 50 (D.D.C. 2002); *Stuart, supra* at 1338. In the case at bar, the property has two primary defects, neither of which is readily observable or discoverable.

   a. <u>An Unrecorded Leasehold Estate.</u> Ms. Wiss, the owner of the adjoining lot, claims an unrecorded leasehold estate of perpetual duration. Her interest effectively renders the property worthless to any other purchaser. The Defendants were well aware of Ms. Wiss' interest in the property. She had attended prior foreclosure sales in which

she was listed as an interested party. She attended these foreclosure sales to protect her interest.

    b. An Unbuildable Lot. The second defect is by for more problematic than the first, and equally unobservable and undiscoverable by an ordinary prudent person upon reasonable inspection and investigation. Indeed, one would have to commission a professional survey of the property to ascertain that the lot can not be use for residential purposes. The current structure is a garage, and the lot's frontage is too small to build a residential unit. The Defendants knew that the Plaintiffs could not build a residential unit. Collectively, the defects rendered the property worthless as residential property, and unsellable.

 Indeed, the bankruptcy proceedings provide a striking confirmation of this fact. On October 4, 2005, the bankruptcy trustee filed its <u>notice of intent to abandon the estate's interest in the property</u> at issue. The Trustee specifically noted that:

> The property is burdensome to the estate and of inconsequential value. The property is subject to a leasehold interest held by the owner of the adjacent lot. Based on a survey of the Property by the lessee, the lot contains 10,350 square feet of land area and has a lot width of 50 feet. Accordingly, the lessee has asserted that the Property is not a buildable lot based upon the width of the lot. **As a result, the Trustee has been unable to sell the Property.**

The Defendants were well aware of these problems when they listed the property for foreclosure.

### III.

### THE DEFENDANTS CAN NOT DELIVER
### MARKETABLE OR INSURABLE TITLE

In terms of the procedural posture of this case, the distinction between marketable and insurable title is a straw issue. The fact remains that the Defendants can not give either marketable or insurable title. It is true that marketable title and insurable title are not generally synonymous. *Kipahulu Inv. Co. v. Seltzer Partnership*, 675 P.2d 778, 781 (Haw. Ct. App. 1983) (citing R. Powell, Powell on Real Property § 1044 (1982). Defendants seem to concede that they cannot convey marketable title; rather, they argue that they are only required to convey "insurable title." For the sake of argument, Plaintiffs concede that marketable title represents a higher standard. *Sinclair v. Weber*, 104 A.2d 561, 565 (Md. App. 1954).

> However, marketable title is not necessarily insurable title. In other words, the fact that title is marketable does not necessarily mean that it is insurable inasmuch as **insurability reflects an underwriting decision**. R. Powell, Powell on Real Property § 92.05[2] (2000). In a financed residential real estate transaction, this underwriting process does not take place until after the lender's approval. It is the lending institution that makes a preliminary determination on insurability and all other defects. In the case at bar, three lending institutions, including the Defendant Well Fargo Home Mortgage, have concluded that "the property is unacceptable." It is not the purchase price or the Plaintiffs' creditworthiness that are at issue, it is the property and the underlying defects.

It is painfully clear that the question of insurability is not appropriate for summary disposition. Alternatively, the issue of insurability for purposes of the motion to dismiss must be resolved favorably to the Plaintiffs.

## IV.

### PLAINTIFFS HAVE PROPERLY PLED A CAUSE OF ACTION FOR FRAUD

The Defendants argue that Plaintiffs' fraud claim is essentially a claim for fraudulent concealment, and that mere silence does not constitute fraud unless there is a duty to speak. *Kapiloff v. Abington Plaza Corp*., 59 A.2d 516, 517 (D.C app. 1948). Since Defendants conclude that they had no duty to disclose any facts about the property in the absence of a fiduciary or contractual obligation, their failure to disclose material facts can not, in their opinion, constitute fraud. They are mistaken about the facts and the law.

Although Plaintiffs' cause of action is <u>not</u> based solely on fraudulent concealment, the law of fraudulent concealment is broader than the Defendants' articulation of the same. Courts have recognized that a duty to speak arises from a contractual or fiduciary relationship or <u>when disclosures are necessary to prevent statements actually made from being misleading</u>. *In the Matter of Enstar Corp*., 593 A.2d 543 (Del. Ch. 1991). In the case at bar, the property was advertised to be:

> Sold in "AS IS" condition. Subject to liens of record. Conveyance by special warranty deed. Settlement in 30 days. If Sub. Trustee cannot convey insurable title, purchase's sole remedy is return of deposit. Additional terms announced at sale.

6

This is standard language, and in a vacuum, it is difficult to argue that the representations are misleading. However, this sale was not conducted in a vacuum. First and foremost, the Defendants had attempted to foreclose on several other occasions. As a result, they were well aware of (i) the next door neighbor's (Ms. Wiss) claim of an indefinite leasehold estate in the property; (ii) that the property was not subject to residential financing; and (iii) the property's frontage was too small to permit a residential unit. These matters were not observable and discoverable by an ordinary prudent person upon reasonable inspection and investigation.

Equally important, from July 15, 2004, until October 21, 2004, Plaintiffs were in regular contact with Defendant Draper & Goldberg, PLLC, and the Defendant continued to make affirmative misrepresentations and omissions in reference to the property, its defects, and the availability of residential financing. Indeed, it was the Defendant Draper & Goldberg which suggested that Plaintiffs seek a residential loan from the Defendant Wells Fargo Home Mortgage. Defendants were well aware that the Plaintiffs intended to demolish the existing structure and build a residential house.

## V.

### RULE 9(b) ISSUE

Defendants Wells Fargo and G.E Capital argue, as a preliminary matter, that the fraud claim does not satisfy Rule 9(b) because it contains a summary grouping of Defendants. The argument lacks merit, but even more so with the removal of Defendant Alex Cooper. It is clear from the face of the amended complaint that the Defendants committed the acts or omissions or the acts or omissions are attributable to them by virtue of an agency relationship.

## Conclusion

For the forgoing reasons, Plaintiffs respectfully request that Defendants' Motions to Dismiss be denied in their entirety.

                                                /s/ Travis A. Murrell
Travis A. Murrell, Esq. # 228940
Murrell & Associates, PLLC
1501 - 11th Street, NW
Washington, DC 20001
(202) 234-6730 (voice)
(202) 234-6738 (fax)

Dated: November 13, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
**JOHN CADET, et al.**                 )
                                       )
    Plaintiffs        )
                                       )
v.                                     )    Civil Action No: 1:05cv02105
                                       )    PLF
**DRAPER & GOLDBERG, PLLC, et al.**    )
                                       )
    Defendants        .    )
_____)

### O R D E R

This matter having come before this Court on Defendants' Motions to Dismiss, Plaintiffs' Opposition thereto, and Defendants' replies, if any, and the record herein, it is by the Court, this _____ day of _____, 200__:

ORDERED that Defendants' Motions to Dismiss are denied in their entirety.

                                                          _____

                                                          J U D G E

 cc:

Travis A. Murrell, Esq.
Murrell & Associates, PLLC
1501 - 11th Street, NW
Washington, DC 20001

David M. McPherson, Esq.
Draper & Goldberg, PLLC
803 Sycolin Road, Suite 301

Leesburg, Virginia 20175-5654

Gary C. Tepper, Esq. #348698
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, DC 20036

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of November 2006, I mailed U.S. 1st class mail, postage pre-paid, a copy of the Plaintiffs' Opposition, Memorandum, and Order as follows:

David M. McPherson, Esq.
Draper & Goldberg, PLLC
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175-5654

Gary C. Tepper, Esq. #348698
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, DC 20036

                                                    ____/s/ Travis A. Murrell_____
                                                          Travis A. Murrell